[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties were married on June 19, 1975 at Annapolis, Maryland.
All jurisdictional requirements have been.
The marriage of the parties has broken down irretrievably and the same is hereby dissolved.
The Court has considered all statutory criteria contained in Conn. Gen. Stat. 46b-54, 46b-56, 46b-81 and 46b-82. The Court enters the following orders:
1. The parties shall have joint custody of the minor children. Wife will have primary physical custody of the minor children. Husband shall have rights of visitation as follows:
 A. So long as the husband lives in Virginia at a distance from the residence of the children, there shall be visitation by the children with him in Virginia every fourth weekend, with travel costs to be shared by the wife and the husband.
 B. The husband shall have rights of visitation for a period of six weeks during each summer.
 C. The husband shall have rights of visitation with the children, in Virginia, during the Christmas and the spring school vacation holidays.
 D. Where possible, the parties shall arrange for visitation with the husband on other alternate holidays. CT Page 489
 E. The wife shall advise the husband when she is taking the children away from home for a period of more than two days and shall not take them outside the country without the consent of the husband, which consent shall not be unreasonably withheld.
 F. During this year, the husband shall have right of visitation with the children, with him, from July 26 until the Tuesday immediately following Labor Day.
2. The defendant shall pay to the wife, as child support, $300.00 per week per child. This order is subject to a contingent wage execution.
3. The defendant shall maintain medical and dental insurance for the benefit of the minor children as it is available through his employment. This order is subject to Conn. Gen. Stat. 46b-84(c). The parties shall be equally responsible for and shall each pay fifty percent (50%) of all non-reimbursed, non-insured necessary medical expenses.
4. The defendant shall name each minor child as the irrevocable beneficiary of $100,000.00 in life insurance.
5. The defendant shall pay to the plaintiff as alimony, I $300.00 per week until the earliest to occur of the following contingencies: The death of either party, the plaintiff's remarriage, the plaintiff's cohabitation or June 30, 1996.
6. The defendant shall name the plaintiff irrevocable beneficiary of $75,000.00 in life insurance and shall maintain a policy in sufficient declining amount to secure the outstanding alimony, for so long as he is obligated to pay alimony.
7. The defendant shall cooperate in obtaining medical benefits available through his employment for the benefit of the plaintiff for so long as the law allows, at her expense.
8. The parties shall immediately place the marital home located at 55 Asmara Way, Easton on the market for sale at a price no greater than $415,000.00. They shall cooperate in listing and marketing the home and shall, if the house has not been sold by April 30, 1991, offer the home for sale through the Mobil Oil Guaranteed Sale Plan. Upon sale, the proceeds shall be distributed in the following CT Page 490 manner: The first mortgage and equity line of credit shall be paid together with all reasonable and necessary costs of sale not paid for or reimbursed by Mobil Oil. The Crestar loan shall next be paid and the remaining funds shall be distributed as follows: Proceeds up to $100,000.00 are awarded to the wife, any balance remaining shall pay the employee savings loans, and funds still remaining shall be divided equally between the parties. Until such time as the home is sold, the plaintiff shall have exclusive use and possession of the premises and she shall be responsible for payment of the first and second mortgages as well as all costs incidental to the home.
9. The husband shall retain sole ownership of his Employee Savings Plan and Retirement Plan.
10. The wife shall assign all her interest in any money arising from the Virginia house deposit to the husband.
11. The wife shall retain the Mazda, Toyota and Pontiac automobiles and shall be responsible for all outstanding loans on these vehicles. She shall indemnify and hold the husband harmless thereon.
12. Except as elsewhere provided, the husband shall pay and indemnify and hold the wife harmless of all liabilities incurred by the parties prior to October 31, 1989, and each party shall be responsible for and indemnify and hold the other harmless from liabilities incurred by that party on or after November 1, 1989.
13. The husband shall have the right to claim both minor children as tax exemptions and the wife shall execute all forms necessary to effectuate the order.
14. All bank accounts held jointly shall be divided between the parties on an equal basis.
15. Each party shall retain the personal property and jewelry currently in their possession except for the contents of the marital home. The parties are referred to the Family Relations Office for mediation of the distribution of the contents and the Court retains jurisdiction over the issue.
16. Each party shall be responsible for his or her own counsel fees.
BY THE COURT ELAINE GORDON, JUDGE CT Page 491